[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12078
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00037-CAR-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER MORRISSETTE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 16, 2014)

Before WILSON, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Alexander Morrissette appeals his 78-month imprisonment sentence for knowingly causing the release of a refrigerant into the environment.  We affirm.

## I. BACKGROUND

Morrissette stole aluminum-copper coils from 12 commercial air conditioning units at a pharmacy in Monroe, Georgia, on November 23, 2011. Thereafter, Morrissette's codefendant, Randall Wimpey, stole aluminum-copper coils from air conditioning units at another building in Monroe.  Following his arrest, Wimpey informed law enforcement officers he had been working with Morrissette.  Morrissette and Wimpey both admitted to officers they had vented Freon, a refrigerant, from the air conditioning units during the thefts.

In September 2012, a federal grand jury charged Morrissette with three counts of knowingly causing the release of a class I and class II substance, a refrigerant, into the environment, in violation of 42 U.S.C. §§ 7671g(c)(1) and 7413(c)(1).  Morrissette pled guilty to Counts One and Three of the indictment, under a plea agreement, in exchange for the dismissal of Count Two.

Pursuant to the Presentence Investigation Report ("PSI"), Morrissette had a base offense level of six under U.S.S.G. § 2Q1.3(a).  He received a six-level increase under § 2Q1.3(b)(1)(A), because the offense resulted in a repetitive discharge, release, or emission of a pollutant into the environment.  He received a four-level increase under § 2Q1.3(b)(4), because the crime involved a discharge

2

without a permit.  He also received a three-level decrease for acceptance of responsibility under § 3E1.1(a) and (b).  His total offense level was 13.  He had a criminal history category of VI and a Sentencing Guidelines imprisonment range of 33 to 41 months.  Morrissette objected to the six-level increase under § 2Q1.3(b)(1)(A) and the four-level increase under § 2Q1.3(b)(4).

The district judge overruled Morrissette's objections and found Morrissette repeatedly had released refrigerant into the environment as a result of tearing up air conditioning units.  Morrissette did not have a permit, and the judge rejected Morrissette's theory that the enhancement only applied to those who were defined as technicians under the Clean Air Act.  The judge noted his main concerns were Morrissette's extensive criminal history and the replacement costs for the air conditioners.  The judge recognized Morrissette needed medical care and had been stealing copper to provide for his children.  Nevertheless, after considering the 18 U.S.C. § 3553(a) factors, the judge stated he was going to vary upward from the advisory Guidelines range.  He found a sentence of 39 months each was appropriate for Counts One and Three and ordered the 39-month sentences to run consecutively, for an imprisonment sentence of 78 months.  The judge also ordered restitution in the amount of $178,846.81.

## II. DISCUSSION

A. Procedural Reasonableness

3

On appeal, Morrissette argues his sentence is procedurally unreasonable, because the district judge (1) failed to explain the sentence, and (2) incorrectly calculated the Sentencing Guidelines range by applying the specific offense characteristics in U.S.S.G. § 2Q1.3(b)(1)(A) and § 2Q1.3(b)(4).  We review the reasonableness of a district judge's sentence through a two-step process using a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  First, we look at whether the district judge committed any procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.* at 51, 128 S. Ct. at 597.  When considering the § 3553(a) factors, the district judge need not discuss each of them individually.  *United States v. Dean*, 635 F.3d 1200, 1203-04 (11th Cir. 2011).

"The district court has discretion to impose consecutive sentences to comply with the requirements of section 3553."  *United States v. Campa*, 529 F.3d 980, 1012 (11th Cir. 2008).  When determining whether the sentences imposed are to be ordered to run concurrently or consecutively, the district judge "shall consider, as

4

to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  18 U.S.C. § 3584(b).

Section 2Q1.3(b)(1)(A) provides: "If the offense resulted in an ongoing, continuous, or repetitive discharge, release, or emission of a pollutant into the environment, increase [the base offense level] by 6 levels."  U.S.S.G. § 2Q1.3(b)(1)(A).  Application Note 4 of the Commentary to § 2Q1.3 adds:

> Depending upon the harm resulting from the emission, release or discharge, the quantity and nature of the substance or pollutant, the duration of the offense and the risk associated with the violation, a departure of up to two levels in either direction from that prescribed in these specific offense characteristics may be appropriate.

*Id.* § 2Q1.3, cmt. n.4.  We have held that § 2Q1.3 "assumes actual environmental contamination if the text of § 2Q1.3(b)(1) itself is met."  *United States v. Perez*, 366 F.3d 1178, 1183 (11th Cir. 2004).  Thus, the government does not have to prove actual environmental contamination for § 2Q1.3(b)(1) to apply.  *Id.* at 1182-83.

Pursuant to § 2Q1.3(b)(4), "If the offense involved a discharge without a permit or in violation of a permit, increase by 4 levels."  U.S.S.G. § 2Q1.3(b)(4).  The pertinent commentary provides that § 2Q1.3(b)(4) applies "where the offense involved violation of a permit, or where there was a failure to obtain a permit when one was required."  *Id.* § 2Q1.3, cmt. n.7.  The commentary further states that, "[d]epending upon the nature and quantity of the substance involved and the risk

5

associated with the offense, a departure of up to two levels in either direction may be warranted." *Id.*

The Clean Air Act prohibits "any person, in the course of maintaining, servicing, repairing, or disposing of an appliance, to knowingly vent or otherwise knowingly release or dispose of any class I or class II substance used as a refrigerant in such appliance . . . in a manner which permits such substance to enter the environment." 42 U.S.C. § 7671g(c)(1). Persons maintaining, servicing, repairing, or disposing of appliances containing refrigerants, who reasonably expect that their actions may release refrigerants from the appliances, must become certified technicians and must follow specific standards and requirements regarding the use and disposal of refrigerants. *See* 40 C.F.R. § 82.152 (defining "technician"); *id.* § 82.156 (establishing required practices); *id.* § 82.161 (establishing certification requirement). The purpose of the certification requirements for handling refrigerants is to "reduce emissions of class I and class II refrigerants and their substitutes to the lowest achievable level by maximizing the capture and recycling of such refrigerants during the service, maintenance, repair, and disposal of appliances." *Id.* § 82.150(a).

The district judge adequately explained the sentence of 39 months of imprisonment on Count One and 39 months of imprisonment on Count Three, to run consecutively to each other. The judge stated Morrissette had a substantial

6

criminal history and expressed concern with Morrissette's prior robbery conviction and the way Morrissette had interacted with law enforcement. The judge also expressed concern with the amount of loss in this case. The judge specifically mentioned he had considered the history and characteristics of Morrissette, the need to deter future criminal conduct, and the need to protect the public, when deciding to vary upward.

The district judge committed no procedural error in calculating the advisory Sentencing Guidelines range. Neither the Guidelines nor binding authority supports Morrissette's contention that § 2Q1.3(b)(1)(A) is not meant to cover emissions that are incidental to a theft of air conditioning components. By releasing a refrigerant into the environment without having the proper certification and without following the proper procedures, Morrissette violated the Clean Air Act, regardless of his underlying intent to steal copper. 42 U.S.C. § 7671g(c)(1); 40 C.F.R. §§ 82.150 to 82.169. Morrissette's argument that the government had to prove actual harm to the environment is meritless, because we have held exactly the opposite. *Perez*, 366 F.3d at 1182-83 ("[T]he government does not have to prove actual environmental contamination for § 2Q1.2(b)(1) to apply. . . . "[T]he guideline . . . assumes actual environmental contamination if the text of § 2Q1.3(b)(1) itself is met."). Because his offenses resulted in a repetitive discharge of refrigerants, the six-level increase in § 2Q1.3(b)(1)(A) applies.

7

In addition, the four-level increase in § 2Q1.3(b)(4) applies. Morrissette's argument that the Guidelines somehow apply only to technicians, as defined by the Clean Air Act, lacks merit. The Guidelines commentary specifically states that it applies, "where there was a failure to obtain a permit when one was required." *Id.* § 2Q1.3, cmt. n.7. Pursuant to the Clean Air Act, Morrissette was required to become a certified technician before disposing of appliances that reasonably could be expected to release refrigerants. 40 C.F.R. § 82.161; *see also id.* § 82.152 (providing that the term disposal includes the "disassembly of any appliance for reuse of its component parts"). He did not obtain the proper certification. Accordingly, Morrissette's total sentence is procedurally reasonable.[1]

B. Substantive Reasonableness

Morrissette also argues on appeal that his 78-month sentence is substantively unreasonable, because it does not achieve the purposes of sentencing. Once we determine that a sentence is procedurally sound, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The § 3553(a) factors to be considered by a sentencing judge include, among others: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] Morrissette raises numerous additional arguments in his reply brief regarding procedural reasonableness. Because he did not raise those arguments in his initial brief, he has abandoned them. *United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005) ("[A]n appellant may not raise an issue for the first time in a reply brief.").

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to provide the defendant with needed medical care or other correctional treatment; (4) the need to protect the public from further crimes of the defendant; and (5) the applicable Sentencing Guidelines range.  18 U.S.C. § 3553(a).  A sentencing judge must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation and internal quotation marks omitted).  In addition, a sentence may be substantively unreasonable if a district judge unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors.  *Id.* at 1191-92.  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation and internal quotation marks omitted).  The party challenging the sentence has the burden of establishing that the sentence is unreasonable based on the record and the § 3553(a) factors.  *Dean*, 635 F.3d at 1203-04.

Morrissette first argues his sentence is substantively unreasonable, because his 78-month sentence is much greater than the time-served sentence of Daniel Arnot, a man sentenced in the Northern District of Georgia who purportedly was convicted of similar conduct.  Morrissette has failed to establish Arnot has a similar criminal history.  *See* 18 U.S.C. § 3553(a)(6).  In addition, the district judge considered all of the § 3553(a) factors, including mitigating evidence.  Although the district judge placed a great deal of weight on Morrissette's criminal history, he had discretion to do so.  *Clay*, 483 F.3d at 743.  Morrissette damaged numerous air conditioning units and caused a significant amount of loss.  His criminal history is extensive, and none of his prior sentences have deterred him from committing crimes.  Accordingly, under the totality of the circumstances and the § 3553(a) factors, Morrissette's 78-month sentence is substantively reasonable.

**AFFIRMED.**

10